# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0090, State of New Hampshire v. Robert J. Badar, the court on November 23, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). We affirm.

The defendant, Robert J. Badar, appeals his conviction for the sale of a controlled drug. See RSA 318-B:2 (Supp. 2015). He argues that the Superior Court (Tucker, J.) erred in denying his motion to suppress a police officer's in-court identification because, he argues, it was the product of an unnecessarily suggestive out-of-court identification, and there was a substantial likelihood of misidentification, in violation of his due process rights under the State and Federal constitutions. See N.H. CONST. pt. I, art. 15; U.S. CONST. amends. V, XIV. We first address the defendant's claims under the State Constitution and rely upon federal law only to aid our analysis. State v. Ball, 124 N.H. 226, 231-33 (1983).

On appeal from a motion to suppress identification evidence, we will not overturn the trial court's ruling unless, after reviewing the record, we conclude that it is contrary to the weight of the evidence. State v. Webster, 166 N.H. 783, 788 (2014). In making this determination, we ask whether the identification procedures used were so unnecessarily suggestive and conducive to irreparable mistaken identification that the defendant was denied due process of law. Id. The defendant has the initial burden of establishing that the identification procedure was unnecessarily suggestive. Id. Only if the defendant has met this burden must we then consider the Biggers factors to determine whether the identification procedure was so suggestive as to render the identification unreliable and, thus, inadmissible. Id.; see Neil v. Biggers, 409 U.S. 188, 199-200 (1972).

Under Biggers, "the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." Biggers, 409 U.S. at 199-200. If the out-of-court identification is found inadmissible, the subsequent in-court identification will also be inadmissible unless it did not result from, and was independent of, the

improper identification procedure.  See State v. Perri, 164 N.H. 400, 406 (2013).  In this case, the trial court found that the out-of-court identification was unnecessarily suggestive and, thus, inadmissible.  However, based upon the five Biggers factors, the court concluded that the officer's in-court identification was not the result of the suggestive procedure.

The record shows that a police officer, while working undercover, learned from a confidential informant that the defendant was selling marijuana.  The informant provided the officer with the defendant's cell phone number but no physical description of the defendant.  The informant arranged for the officer to purchase marijuana from the defendant.  The officer called the defendant's cell phone number and arranged for a place to meet.  On September 18, 2014, the officer parked his vehicle at the arranged location and remained in his vehicle.  A man approached, and the officer asked the man if he was "Rob," and if the price "was still $45."  The seller confirmed the price.  The officer gave the seller forty-five dollars in exchange for a bag of marijuana.  The transaction lasted "two minutes, maybe more – between one to two minutes."

The following day, the officer viewed a photograph of the defendant from the Department of Motor Vehicles.  The officer testified that the man in the photograph looked like the man who had sold him marijuana the previous day.  Approximately one month later, the officer arranged for a second drug transaction with the seller, which occurred on October 15, 2014, in the same parking lot.  When the officer arrived, he saw the seller standing on the front steps of a building.  The seller walked down the stairs of the building, approached the officer's vehicle, and sold him a bag of marijuana for fifty dollars.  At the suppression hearing, the officer testified that the only physical description he could provide of the seller was that he had "crew-cut hair and facial hair."  He added that the facial hair was not a "big, bushy beard."  The officer identified the defendant, who had a goatee and was seated in the courtroom during the suppression hearing, as the man who sold him marijuana on the two occasions.

Thus, the record shows that the officer had two opportunities to view the seller, once on September 18, 2014, and again on October 15, 2014.  Both transactions occurred in daylight, and each transaction lasted one to two minutes.  The defendant argues that the officer's failure to identify any details regarding the seller's clothing, height, or build shows that he either lacked the opportunity to view the seller, or that he was not being attentive to the seller's appearance.  However, during each encounter, the officer was close enough to the seller to conduct a hand-to-hand sale, and nothing in the record suggests that the officer's view was obstructed.  In addition, although the officer's attention was divided, because he was concerned about his safety, part of his attention was directed to observing the seller's face.  The officer testified that he would have been able to identify the defendant as the seller without having viewed the DMV photograph.

The defendant's argument for suppression of the in-court identification relies heavily upon the fact that the officer did not record a description of him prior to observing the DMV photograph. However, the officer testified that he viewed the photograph the day after the first transaction as part of his investigation, to confirm whether the defendant was the man who sold him the marijuana the previous day. Under these circumstances, we do not attach great weight to this factor. See State v. Manna, 130 N.H. 306, 312 (1988) (noting that there would be no occasion for the officer in his role as witness to describe the defendant to himself in his role as investigator).

The trial court found that the officer identified the defendant with certainty at the suppression hearing. Although the defendant cites a treatise and cases from other jurisdictions that discount the importance of this Biggers factor, we consider it to be relevant. See, e.g., Perri, 164 N.H. 400, 406-07 (2013) ("While [the witness] did not exhibit complete certainty in her choice of the defendant's photograph when presented with the photo array, she did note that the defendant's face 'really stood out . . . like right away when I saw it.'").

Based upon this record, we cannot conclude that the trial court's finding – that the officer's in-court identification was not the result of the suggestive out-of-court identification procedure – was contrary to the weight of the evidence. See Webster, 166 N.H. at 788. Because the Federal Constitution offers the defendant no greater protection than does the State Constitution under these circumstances, see id.; United States v. Pagan-Ferrer, 736 F.3d 573, 589 (1st Cir. 2013), we reach the same result under the Federal Constitution as we do under the State Constitution.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

3